JUDGE OETKEN

13 CIV 1648

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------**x**

CHENGGANG ZHOU,



       **PLAINTIFF,**

   **-AGAINST-**

HUNTER WARFIELD, INC.

       **DEFENDANT**

-------------------------------------------------------------------**x**

**Complaint for Violations of the Fair Debt Collection Practices Act**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff Chenggang Zhou, an individual consumer, against Defendant Hunter Warfield, Inc. for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Defendants violated the Act by continually attempting to collect a debt after the plaintiff sent them definitive proof that he did not owe the debt.

## JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.    Plaintiff Chenggang Zhou is a natural person residing in White Plains, NY.

4.    Defendant Hunter Warfield, Inc. is a Maryland corporation engaged in the business of collecting debts.  The principal purpose of Defendant is the collection of debts and defendant regularly attempts to collect debts allegedly due to another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

5.    In February 2008 the plaintiff moved out of an apartment he had rented at 226 N. Purdue Ave, Apt. 306 in Oak Ridge, Tennessee.

6.    Plaintiff's original lease for the apartment, signed in January 2006, contained a $200 non-refundable "cleaning fee."  The agreement expressly stated that the cleaning fee would be "used to inspect, clean and perform the necessary transition responsibilities at such time as the Lessee vacates the Premises."

7.    When plaintiff vacated the premises in February 2008 he was current on his rent and did not owe his landlord any amounts whatsoever.

8.    Nonetheless on March 21, 2008 defendant mailed plaintiff a letter seeking to collect $ 351.38 on behalf of his old landlord.  On March 30, 2008 plaintiff responded by writing to defendant, disputing the debt and requesting verification and validation of the debt.

9.     Defendant wrote back to plaintiff on April 25, 2008 and admitted that it had made an error in attempting to collect $351.38 from the plaintiff, but insisted that plaintiff still owed a $50 cleaning fee.  Defendant was apparently unaware that plaintiff had already been required to pay a $200 non-refundable cleaning fee as part of his original lease for the subject apartment.

10.     Plaintiff thereafter continued to call and write the defendant explaining that he did not owe a $50 cleaning fee because he had already paid a $ 200 cleaning fee and left the apartment in perfect condition.

11.     Defendant effectively ignored plaintiff's subsequent attempts to dispute the debt and continued in its attempts to collect the alleged debt – including placing the disputed debt on the plaintiff's credit reports.

12.     Defendant has at all times refused to cease collection efforts on the non-existent debt, and has reported the debt to national credit reporting agencies on a monthly basis.

13.     In fact plaintiff is informed and believes that defendant reported the debt to national credit reporting agencies sometime in February 2013 despite the fact that the plaintiff has provided them with definitive proof that he does not owe the alleged debt.

14.     Plaintiff is currently attempting to obtain a mortgage to purchase a home and noticed the disputed account being reporting on his otherwise sterling credit reports by Hunter Warfield.  The disputed account has been viewed by

banks and mortgage brokers and thus damaged the plaintiff, forcing him to incur economic and emotional distress damages.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## AGAINST ALL DEFENDANTS

The plaintiff hereby realleges and incorporates by reference each of the allegations alleged above.

15.     The plaintiff Chenggang Zhou is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

16.     Defendant Hunter Warfield is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

17.     The alleged debt underlying the plaintiff's complaint is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

18.     Defendant violated 15 U.S.C. § 1692f(1) by repeatedly attempting to collect a $50 cleaning fee from the plaintiff when that amount was not expressly authorized by the agreement creating the alleged debt.

19.     Defendant violated 15 U.S.C. 1692e(2)(A) by falsely reporting to credit reporting agencies that plaintiff owed a debt which he did not owe.

20.     Defendant violated 15 U.S.C. 1692e(10) by falsely reporting to credit reporting agencies that plaintiff owed a debt which he did not owe.

21.     As a result of the defendants' unlawful conduct the plaintiff suffered

actual financial and emotional distress damages.

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A.  Awarding the plaintiff actual damages pursuant to 15 USC § 1692k(a)(1).

B.  Awarding the plaintiff statutory damages pursuant to 15 USC § 1692k(a)(2)(A).

C.  Awarding the plaintiff attorney's fees and costs pursuant to 15 USC § 1692k(a)(3).

D.  Granting such other and further relief as the Court deems just.

### DEMAND FOR JURY TRIAL

Please take notice that the plaintiff Chenggang Zhou demands trial by jury in this action.

Dated:  March 11, 2013
       New York, NY

Kevin C. Mallon (kcm 4798)
Fishman & Mallon, LLP
305 Broadway, Suite 900
New York, NY 10007
(212) 822-1474
Attorneys for Plaintiff

5